RIHAN SHINWARI,
     *Petitioner*,
    v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security;

TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;

FIELD OFFICE DIRECTOR, ICE Enforcement
and Removal Operations, Hartford Field Office

TODD BLANCHE, Acting Attorney General
  of the United States,
     *Respondents*.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 3: 26-cv-514-(VDO)

APRIL 6, 2026

# AMENDED
# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Petitioner Rihan Shinwari ("Petitioner"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65(b) for the entry of a temporary restraining order ("TRO") and, thereafter, a preliminary injunction. Petitioner, who has been removed from Connecticut and is now detained in Plymouth County Correctional Facility in Plymouth, Massachusetts, respectfully requests that the Court enter an order providing the following relief:

1. An order prohibiting Respondents, their officers, agents, employees, and all persons acting in concert with them from further transferring Petitioner from Plymouth County Correctional Facility to anywhere else and immediately returning him to the District of Connecticut;

2.      An order prohibiting Respondents, their officers, agents, employees, and all persons acting in concert with them from further transferring Petitioner to any other detention facility or removing him or from the United States during the pendency of this action;

3.      An order prohibiting Respondents from detaining Petitioner.

4.      An order requiring Respondents to maintain Petitioner in his *status quo ante* non-detained status on parole ("PAR") , [1]  so that he can continue his high school education and graduate as planned in June 2026;

5.      An order requiring that, since Petitioner has been detained and transferred to Massachusetts, Respondents immediately return him to Connecticut and release him and return him to his non-detained status within twenty-four (24) hours of the Court's Order.

WHY EMERGENCY RELIEF IS NECESSARY

This amended motion is filed on an emergency basis because Petitioner was removed from Connecticut and is presently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts.  He is at imminent risk of being removed to any other state and ICE detention center in the United States, for example to Louisiana, Texas, Florida or California. However, he has parole status which does not expire until October 7, 2026. He has done nothing to violate his parole. Given the current Administration's aggressive enforcement priorities and the government's wholesale termination of parole protections, there is a substantial and imminent risk that Petitioner will be removed from Massachusetts to any other jurisdiction and have removal proceedings initiated against him. For the following reasons and for those described in the previously filed memorandum of law, (ECF 3-1) as well as the facts and

---

[1] **PAR** is the admission code used by Customs and Border Protection (CBP) on a Form I-94 to indicate that an individual has been granted **Parole**. Petitioner's I-94 is incorrect, and his parole was granted for two years and does not expire until October 7, 2026. See attached Declaration of Attorney Petersen and Documents attached thereto.

reasons stated in the Emergency Verified Petition For Writ Of Habeas Corpus And Complaint For Declaratory And Injunctive Relief, it is clear that Petitioner's detention by the Respondents is in clear violation of law and various court orders.

Accordingly, immediate extraordinary emergency relief is needed, especially because Respondents have already removed Petitioner from this jurisdiction, and the Court entered an Order that he not be removed. (ECF. No. 5) citing *Ozturk v. Hyde*, 136 F.4th 382, 394 (2d Cir. 2025) (explaining that a district court has an inherent authority to protect its proceedings); see also e.g. *M.S. v. Salazar*, 3:25-cv-2170-(VDO)(D. Conn. 12/30/2025;  ECF No. 12, ordering that M.S not be moved out of the District of Connecticut); *J.A.L.L. v Wesling,* 3:25cv-2125(VDO)(D.Conn. 12/20/25; ECF No. 8 ordering petitioner not to be removed  from the District citing *Ozturk v. Hyde*, 136 F.4th 382, 394 (2d Cir. 2025) (explaining that a district court has an inherent authority to protect its proceedings); *M.K. v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025)); see also *V.R. v. Bondi,* 3:25-cv-2131 (SFR)(D.Conn. 2/18/2026; ECF No. 48, at 3, collecting cases).

Specifically, the Petitioner is an eighteen-year-old or with an approved humanitarian parole who has no outstanding removal order, and who was released on parole which does not expire until October 7, 2026. Despite these protections, the government has already removed Petitioner from the District of Connecticut, where he is only three months from completing his high school diploma at Cheshire High School.

The irreparable harm to Petitioner if he further transferred to another jurisdiction or  is removed from the United States cannot be overstated. Removal would permanently destroy his path to lawful permanent residence through a benefit Congress specifically intended to protect individuals such as Petitioner.

GROUNDS FOR THIS MOTION

The grounds for this Motion are set forth more fully in the accompanying Memorandum of Law in Support of this Emergency Motion, the Verified Petition for Writ of Habeas Corpus filed contemporaneously herewith, and the exhibits filed in support thereof.

CERTIFICATION OF NOTICE UNDER RULE 65(B)(1)(B)

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), undersigned counsel certifies that good faith efforts have been made to provide notice of this Motion to the United States Attorney's Office for the District of Connecticut and to counsel for the Department of Homeland Security and U.S. Immigration and Customs Enforcement prior to filing.

NO SECURITY BOND SHOULD BE REQUIRED

No security bond should be required pursuant to Federal Rule of Civil Procedure 65(c), as the United States, its officers, and its agencies are not required to give security. *See* Fed. R. Civ. P. 65(c); *Nken v. Holder*, 556 U.S. 418, 435 (2009).

In support of this Motion, Petitioner files an accompanying Declaration of his immigration attorney, Lauren C. Petersen, with supporting documents, and a memorandum of law.

*Counsel for Petitioner*

Respectfully submitted,

_____
Glenn L. Formica, CT20153
The American Immigrant Law Clinic
195 Church Street, Floor 11
New Haven, Connecticut 06510
Tel: (203) 640-2882
Glenn@TAILCproject.org

*/s/Steven R. Strom*
Steven R. Strom, Fed Bar No. ct01211
The American Immigrant Law Clinic
195 Church Street, Floor 11
New Haven, Connecticut 06510
Tel: (203) 804-3683
Email: strom@snet.net

# **CERTIFICATION**

I hereby certify that on this date, April 6, 2026, a copy of the foregoing Amended Emergency Motion for TRO and Preliminary Injunction was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven R. Strom
Steven R. Strom
Fed Bar No. ct01211
Attorney for Petitioner