| | | |
|---|---|---|
| RIHAN SHINWARI, | : | Case No. 3:26-cv-514(VDO) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARKWAYNE MULLIN et al., | : | |
| Defendants. | : | April 6, 2026 |

<u>MOTION FOR CLARIFICATION RE: ECF 5</u>

The respondents respectfully move the court to clarify that its April 6, 2026 order (ECF 5) does not require the respondents to <u>return</u> the petitioner from ICE custody in Massachusetts to Connecticut, where the petitioner had been transferred from Connecticut to Massachusetts prior to entry of the court's order – and indeed, seemingly prior to the filing of the habeas petition in this case, though the latter point apparently is subject to a dispute between the parties. In support of this motion, the respondents state as follows:

1.      The habeas petition in this case alleges that the petitioner was arrested in Connecticut by ICE on April 6, 2026. (Pet., ¶21.) The petition raises various challenges to the legality of his immigration detention. (<u>See generally</u> <u>id.</u>) Based on information provided by counsel for the petitioner, the petition was filed at 12:26 p.m.

2.      Based on preliminary information provided by ICE to the undersigned, following his arrest, the petitioner was initially taken to ICE offices in Hartford, Connecticut, then was transferred to Plymouth County Correctional Facility in Plymouth, Massachusetts, where he is currently detained. The undersigned currently believes that

the petitioner was in the District of Massachusetts, not the District of Connecticut, when the habeas petition was filed, though the petitioner may well disagree with that conclusion. In any event, there does not appear to be a dispute between the parties that the petitioner had been transferred to ICE detention in Massachusetts by mid-afternoon on April 6, 2026, prior to entry of the court order that is the subject of this motion.

3. At 5:10 p.m., the court entered an order at ECF 5. In pertinent part, the order provides that "[i]n order to preserve the status quo and in the event of a hearing requiring the Petitioner's presence, it is hereby ORDERED that Petitioner Shinwari shall not be moved outside the District of Connecticut." As set forth above, however, at the time the court entered its order, the petitioner already had been transferred from the District of Connecticut to the District of Massachusetts. As a result, the status quo reflected the petitioner's presence in Massachusetts, not Connecticut,[1] and the court's order contemplates a factual predicate different from the one facing the parties at the time the order entered.

4. The court's order does not by its terms require ICE to return the petitioner to Connecticut (where ICE has no long-term detention facility) if he already had been transferred out of district, and the undersigned did not interpret the court's order to require that result. To the extent that the court intended that result, however, the respondents respectfully seek reconsideration of the order. First, as noted previously,

---

[1]Again, the undersigned believes that the status quo at the time of not just the court's order was that the petitioner was physically present in Massachusetts, but that was also the status quo when the petitioner filed the habeas petition in this case. The respondents understand that the petitioner intends to contest that conclusion, at least at present.

there are questions surrounding whether the court has jurisdiction to enter such an order, given that it appears the petitioner already was in Massachusetts at the time the petition was filed, which would vest habeas jurisdiction in the District of Massachusetts. See Ozturk v. Hyde, 136 F.4th 382, 390 (2d Cir. 2025) ("Generally, '[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States,' he must file the petition in the district of confinement and name his immediate custodian as the respondent" (quoting Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004)). Second, assuming, arguendo, that the petitioner was in Connecticut at the time of filing, and if this court therefore has jurisdiction over the petition, that jurisdiction is not defeated by the petitioner's transfer to detention in Massachusetts. See, e.g., Arevalo-Guasco v. Dubois, 788 F. App'x 25, 26 n.1 (2d Cir. 2019). Third, allowing the petitioner's detention in Massachusetts pending the outcome of this habeas proceeding does not meaningfully impede the petitioner's ability to participate in the case, and such an order would be consistent with other orders in ICE habeas matters in this district. See Sterling v. Bondi, 25-cv-2122(KAD) (D. Conn.), ECF 6 (prohibiting transfer to ICE detention more than 150 miles from Connecticut pending outcome of habeas proceeding).

WHEREFORE, for the foregoing reasons, the respondents respectfully request that the court clarify its order to specify that ICE is not required to return the petitioner from his current detention in the District of Massachusetts to the District of Connecticut, which was the status of his detention at the time the court's order entered. To the extent that the court intended its order to require the petitioner's return to Connecticut if he already been transferred to nearby detention out of the district at the time the order

entered, the respondents respectfully urge the court to reconsider the order for the reasons set forth above.

Respectfully submitted,

David X. Sullivan
United States Attorney

___/s/_____
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T: (860) 947-1101
F: (860) 760-7979
john.larson@usdoj.gov