UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RIHAN SHINWARI, *Petitioner,* | Civ. No. 3:26-cv-514 – (VDO) |
| v. | |
| MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; | |
| TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; | APRIL 8, 2026 |
| FIELD OFFICE DIRECTOR, ICE Enforcement and Removal Operations, Hartford Field Office | |
| TODD BLANCHE, Acting Attorney General of the United States, *Respondents.* | |

## <u>JOINT STATUS REPORT</u>

Petitioner Rihan Shinwari and Respondents, by and through undersigned counsel, respectfully submit this Joint Status Report in response to the Court's order directing the parties to confer and to address how the Court should handle the petition for writ of habeas corpus and the pending motion for a temporary restraining order and preliminary injunction.

### History

1. On April 6, 2026, Petitioner filed a verified petition for writ of habeas corpus and complaint for declaratory and injunctive relief, together with a motion for a temporary restraining order and preliminary injunction.

2. As set forth in the petition, Petitioner alleges that he was granted humanitarian parole, later filed a Form I-485 while his parole remained valid, and is derivative to his father's

pending asylum claim. Petitioner further alleges that his detention is unlawful and that Respondents have mischaracterized his manner of entry and failed to comply with applicable parole procedures.

3. Also on April 6, 2026, the Court entered an order directing the parties to confer in advance of conference and to submit a joint letter no later than April 8, 2026, at 5:00 p.m., addressing how the Court should handle the habeas petition and the pending motion for temporary restraining order and preliminary injunction.

4. Counsel thereafter conferred. In an email from Assistant United States Attorney John Larson, Respondents stated their position that, after review of the timing of Petitioner's transfer from Hartford to Plymouth, there is no genuine dispute that Petitioner was in Massachusetts, in transit to Plymouth, at the time the habeas petition was filed. Respondents further stated that security camera footage showed an ICE vehicle departing from outside the federal building at 11:14 a.m. and that ICE reported crossing into Massachusetts at approximately 11:49 a.m.

**Parties' Positions**

5. The parties agree that the Court should address the issue of jurisdiction before proceeding to merits briefing on the habeas petition and on the motion for temporary restraining order and preliminary injunction.

6. The parties do not agree, however, on either the facts or the law relevant to the Court's jurisdiction.

7. Respondents' position is that the Court lacks habeas jurisdiction because Petitioner was not confined in Connecticut when the petition was filed, but instead was already in Massachusetts, in transit to Plymouth, and therefore any habeas claim must be adjudicated, if at all, in the district of confinement.

8. Petitioner's position is that this Court has jurisdiction. Petitioner disputes Respondents' factual account concerning the timing and legal significance of the transfer and further

maintains that the Court may properly adjudicate the petition and related request for injunctive relief based on the facts alleged in the petition and the governing law.

9. Petitioner also maintains that prompt consideration remains warranted because the petition challenges the legality of detention and because the pending motion seeks temporary and preliminary relief connected to that detention and to Petitioner's transfer.

**Proposed Procedure**

10. Respondents propose that the Court set an expedited schedule limited in the first instance to the threshold issue of jurisdiction, with Respondents filing a motion or response addressing jurisdiction by April 10, 2026. Respondents further propose that merits briefing proceed only if the Court concludes that it has habeas jurisdiction, and that any merits filing serve both as Respondents' response to the motion for temporary restraining order and preliminary injunction and as Respondents' response to the habeas petition.

11. Petitioner agrees that jurisdiction may be addressed first but requests a prompt schedule for jurisdictional briefing and determination and reserves the position that the Court may consider and preserve interim relief as necessary while the jurisdictional issue is being resolved.

12. Because the parties' views diverge on both the underlying facts and the controlling law bearing on jurisdiction, the parties respectfully submit that the most efficient course is for the Court to set prompt briefing on jurisdiction, after which the Court can determine whether and how merits briefing should proceed.

Dated: April 8, 2026

Respectfully submitted,

/s/ Counsel for Petitioner /s/ Counsel for Respondents

Counsel for Petitioner Counsel for Respondents

Respectfully submitted,

**PETITIONER**
**RIHAN SHINWARI**

*/s/ Glenn L. Formica*
Glenn L. Formica,
Fed Bar No. 21053
Formica, P.C.
195 Church Street, Floor 11
New Haven, Connecticut 06510
Telephone: (203) 787-1946
Facsimile: (203) 787-6766
gformica@formicalaw.com

*/s/Steven R. Strom*
Steven R. Strom, Fed Bar No. ct01211
The American Immigrant Law Clinic
195 Church Street, Floor 11
New Haven, Connecticut 06510
Tel: (203) 804-3683
Email: strom@snet.net

**RESPONDENTS**
**MARKWAYNE MULLIN, ET AL.**

David X. Sullivan
United States Attorney

/s/*John W. Larson*
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T: (860) 947-1101
F: (860) 760-7979
john.larson@usdoj.gov

## <u>CERTIFICATION</u>

I hereby certify that on this 8th day of April, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Steven R. Strom
Steven R. Strom
Fed Bar No. ct01211
Attorney for Petitioner