| | | |
|---|---|---|
| RIHAN SHINWARI, | : | CIV. NO. 3:26-cv- 514 - (VDO) |
| *Petitioner*, | : | |
| v. | : | |
| | : | |
| MARKWAYNE MULLIN, Secretary, | : | |
| U.S. Department of Homeland Security; | : | |
| | : | |
| TODD M. LYONS, Acting Director, | : | |
| U.S. Immigration and Customs Enforcement; | : | |
| | : | APRIL 9, 2026 |
| FIELD OFFICE DIRECTOR, ICE Enforcement | : | |
| and Removal Operations, Hartford Field Office | : | |
| | : | |
| TODD BLANCHE, Acting Attorney General | : | |
| of the United States, | : | |
| *Respondents.* | : | |

## **PETITIONER'S NOTICE OF CASELAW SUBMISSION**

Pursuant to the colloquy with the Court at a Status Conference on this date, and this

Court's Order (ECF No. 19) the Petitioner submits the following preliminary list of cases, points

and authorities relevant to the issues that are raised by the Petition and by the conduct of

the Respondents in removing Petitioner from Connecticut to Plymouth County Correctional

Facility, in Plymouth, MA.

Jurisdiction

1. *Rumsfeld v. Padilla,* 542 U.S. 426, 454 (2004)(Kennedy, J., concurring)

 (Recognizing "an exception if there is an indication that the Government's purpose in removing
a prisoner were to make it difficult for his lawyer to know where the habeas petition should be
filed, or where the Government was not forthcoming with respect to the identity of the custodian

and the place of detention. In cases of that sort, habeas jurisdiction would be in the district court from whose territory the petitioner had been removed.")

2.    *Ex parte Endo*, 323 U.S. 283, 306 (1944)

"There are expressions in some of the cases which indicate that the place of confinement must be within the court's territorial jurisdiction in order to enable it to issue the writ…. But we are of the view that the court may act if there is a respondent within reach of its process who has custody of the petitioner.") (citations omitted)

3.    *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 394 (D.N.J. 2025)(Recognizing the unknown custodian exception and therefore finding that the Petition was properly filed in Petitioner's last known location)

4.    *Tacuri ex rel. Guanoluisa v. Francis*, No. 25-CV-07012 (JAV), 2025 WL 3459377 (S.D.N.Y. Dec. 2, 2025)(holding that venue was proper in last-known location of detention at time that petition was filed while petitioner was airborne).

5.    *Suri v. Trump*, 785 F. Supp. 3d 128, 148 (E.D. Va. 2025)(Holding that the District Court had jurisdiction where Petitioner was being rapidly moved across state lines, and at the time of filing, petitioner had not yet been booked into any detention facility)

("The Court acknowledges Justice Kennedy's concurrence is not the holding of the *Padilla* Court. However, "because Justice Kennedy and Justice O'Connor's votes were 'necessary to the formation of a majority,' Justice Kennedy's opinion is at least 'given particular weight.' " *Ozturk v. Trump et al.*, 777 F.Supp.3d 26, 37 (D. Mass. Apr. 4, 2025) ("*Ozturk I*") (quoting *Schmitz v. Zilveti*, 20 F.3d 1043, 1045 (9th Cir. 1994)). In *Vasquez v. Reno*, the First Circuit forecasted the logic of Justice Kennedy's concurrence, explaining that under "extraordinary circumstances," the "normal" rules of habeas jurisdiction may not apply. 233 F.3d 688, 696 (1st Cir. 2000). The First Circuit noted that such extraordinary circumstances may exist if the government "spirited an alien from one site to another in an attempt to manipulate jurisdiction." *Id.")* *Suri v. Trump*, 785 F. Supp. 3d 128, 138–39 (E.D. Va. 2025).

("'the writ is properly served on the prisoner's ultimate custodian.' *Moussaoui*, 382 F.3d at 464-65 (quoting *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998); and then citing *Demjanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986)) (finding that Secretary of Defense is ultimate custodian, and proper respondent, of individuals in military custody). Here, Petitioner's ultimate custodian is the Secretary of the Department of Homeland Security.") *Suri v. Trump*, 785 F. Supp. 3d 128, 141 (E.D. Va. 2025).

6.    *Ozturk v. Hyde*, 136 F.4th 382 (2025) (The Second Circuit held that the unknown custodian exception applied and that, in these circumstances, "the naming of a more remote custodian—here, the Secretary of Homeland Security—satisfies the statutory requirements.")

7.      *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). (Courts have recognized an additional extraordinary circumstances exception for cases where the government acts in bad faith to manipulate jurisdiction through transfers. The First Circuit recognized that extraordinary circumstances could justify departing from the immediate custodian rule, such as if "INS [the precursor to ICE] spirited an alien from one site to another in an attempt to manipulate jurisdiction.")

8.      *Roman v. Ashcroft,* 340 F.3d 314 ( 6th Cir. 2003) (similarly acknowledged that "an exception might be appropriate if the INS were to exercise its transfer power in a clear effort to evade an alien's habeas petitions." )

9.      *Henderson v. I.N.S.*, 157 F.3d 106, 124 (2d Cir. 1998)("the rules treating the immediate custodian as the only proper respondent and that person's situs as the sole correct venue have not been applied consistently or in a rigid fashion.")

10.     *Vasquez v. Reno,* 233 F.3d 688, 696 (1st Cir. 2000)( holding  that a noncitizen who seeks a writ of habeas corpus contesting the legality of his detention by ICE normally must name as the respondent his immediate custodian,  but stating  that there may be extraordinary circumstances in which the Attorney General appropriately might be named as the respondent to a noncitizen's  habeas petition.")

Other Authorities

11.     Rachel E. Rosenbloom, *Is the Attorney General the Custodian of an INS Detainee? Personal Jurisdiction and the "Immediate Custodian" Rule in Immigration Related Habeas Actions,* 27 N.Y.U. Rev. L. & Soc. Change 543, 546 (2001–2002) (maintaining that the immediate custodian rule "has no place in the adjudication of immigration-related habeas actions" and that the Supreme Court has been reluctant to apply the rule in the context of habeas corpus petitions filed by detained noncitizens).

## CONCLUSION

The foregoing list of cases and authorities  does not cover other issues that arise from the facts of this case, such as the lawfulness of the initial arrest, the detention,  the transfer to Hartford ICE office's detention cells,  the incorrect parole extension date, the validity of Petitioner's parole status when he was arrested, the subsequent summary revocation of parole while Petitioner was at Plymouth County Correctional Facility, and does not include the entirety of the cases, as requested in this Court's Order, ECF Doc. No.  19, which requests that the list should include "a list of the authorities it plans to rely on in tomorrow's briefing." Attorney Formica is visiting the Petitioner at Plymouth County Correctional Facility and in the short amount of time  between the Court's Status Conference and this filing, the Petitioner represents that there will be a number of other cases and authorities not listed here that  very likely will be included in the briefing due tomorrow, April 10, 2026.

Respectfully submitted,

PETITIONER

RIHAN SHINWARI

*/s/ Glenn L. Formica*
Glenn L. Formica,
Fed Bar No. 21053
The American Immigrant Law Clinic
195 Church Street, Floor 11
New Haven, Connecticut 06510
Telephone: (203) 787-1946
Facsimile: (203) 787-6766
gformica@formicalaw.com

*/s/Steven R. Strom*
Steven R. Strom, Fed Bar No. ct01211
The American Immigrant Law Clinic
195 Church Street, Floor 11
New Haven, Connecticut 06510
Tel: (203) 804-3683
Email: strom@snet.net

*Attorneys for Petitioner*

Dated: April 9, 2026

## CERTIFICATION

I hereby certify that on April 9, 2026, a copy of the foregoing Petitioner's Notice of Caselaw Submission  was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/Steven R. Strom*
Steven R. Strom
Attorney for Petitioner